■ In the Matter of the Claim of PETER MALINCHOCK, Respondent, v. EXCELUM ALUMINUM PRODUCTS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision of the Workmen's Compensation Board which imposed upon appellant carrier a penalty of $25 for its alleged failure to comply with the provisions of section 25 (subd. 2, par. [a]) of the Workmen's Compensation Law. Claimant sustained a cut on the wrist on October 25, 1963, a Friday, and was paid in full for that day. He returned to his job on Monday, the next working day, and thus lost no time and no wages. The cut was sutured at a hospital on October 25 and claimant was treated by a physician on October 29 and November 2, being discharged on the latter date. A report of an accident causing personal injury is required to be filed by an employer within 10 days if the injury is one " which shall cause a loss of time from regular duties beyond the working day or shift on which the accident occurred, or which shall require medical

treatment beyond ordinary first aid or more than two treatments by a physician or person rendering first aid". (Workmen's Compensation Law, § 110.) Although there was no such loss of time, the fact of the medical treatment required the employer to give notice, which it did, although not until December 6, 1963. The board on March 20, 1964 mailed to the carrier a C-84 form, received by the carrier on March 27, which is not in the record but is said to have been a request that the carrier file a form C-679 for notice of carrier's action on claim for workmen's compensation benefits, which form was filed on April 20. The paragraph under which the penalty was imposed requires that if a claim is to be controverted, notice that compensation is not being paid, with a statement of the reason therefor, shall be filed, and that paragraph further provides that if the "carrier shall fail either to file notice of controversy or begin payment of compensation within the prescribed period or within ten days after receipt of a copy of the notice required in section one hundred ten of this chapter, whichever period is the greater, the board may, after a hearing, impose a penalty in the amount of twenty-five dollars". (Workmen's Compensation Law, § 25, subd. 2, par. [a].) It is clear, as the dissenting board member pointed out, that the carrier was not required (1) "to file * * * notice of controversy", inasmuch as it did not controvert anything and, indeed, there was nothing to controvert; nor was the carrier required (2) to begin "payment of compensation", inasmuch as no compensation was due. For reasons not entirely clear, the board's brief makes reference to section 25 (subd. 1, par. [c]) which is in no way relevant and is not the provision under which the board explicitly acted; and the brief refers, also, to rule 21 of the General Rules and Procedure of the Workmen's Compensation Board which provides, in part: "(c) If the right to compensation is not controverted but payment has not begun because no compensation is presently due, prescribed form C-9 shall be filed with the Chairman not later than twenty-five days after the Board has mailed a notice of indexing a case to the employer or his insurance carrier. The reason or reasons for not commencing payment of compensation shall be clearly stated in the form C-9." Assuming that the carrier did not comply with this rule, such noncompliance was not the basis of the board's action or of the penalty and, indeed, no penalty seems to be prescribed for such noncompliance. Decision reversed and penalty rescinded, with costs to appellants. Herlihy, Reynolds, Taylor and Staley, Jr., JJ., concur.